Antonia JIMENEZ, Plaintiff(s)

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant(s).**

**Civil No. 04–1713 (JAG).**

United States District Court, D. Puerto Rico.

June 29, 2005.

Melba N. Rivera–Camacho, Melba N. Rivera Camacho & Assoc., Carolina, PR, for Plaintiffs.

Katherine Gonzalez–Valentin, United States Attorney's Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On July 14, 2004, plaintiff Antonia Jimenez ("Jimenez") sought review, pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner denying her disability insurance benefits (Docket No. 2). Both parties have filed memoranda in support of their respective positions (Docket Nos. 9, 11). Upon review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence. Accordingly, the Court affirms the Commissioner's decision.

## FACTUAL BACKGROUND

Jimenez was born on June 13, 1949. She has a high school education and performed past relevant work as an assembler/electronic tester. On January 9, 2002, Jimenez filed an application for disability and disability insurance benefits alleging an inability to work since October 1, 1999, due to a back condition, a hand condition, and an emotional condition. The Social Security Administration ("SSA") denied the application initially and on reconsideration. On January 29, 2004, the Administrative Law Judge ("ALJ"), upon de novo review, found that Jimenez was not under a disability. On May 14, 2004, the Appeals Council denied review of the ALJ's decision, rendering it the final decision of the Commissioner, subject to judicial review.

## DISCUSSION

To establish entitlement to benefits, Jimenez bears the burden of proving that she became disabled within the meaning of the Act. *See, e.g., Deblois v. Secretary of HHS*, 686 F.2d 76, 79 (1st Cir. 1982). Jimenez may be considered disabled within the meaning of the Act only if she is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1). Jimenez's impairment must be so severe as to prevent her from working, not only in her usual occupation, but in any other substantial gainful work considering her age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a

physical impairment cannot suffice for an award of disability insurance benefits; Jimenez must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *See, e.g., McDonald v. Secretary of HHS,* 795 F.2d 1118, 1120 (1st Cir.1986). Moreover, Jimenez's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Secretary of HHS,* 797 F.2d 19, 20–21 (1st Cir.1986).

█ The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater,* 172 F.3d 31, 35 (1st Cir.1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. *See Rodriguez v. Secretary of HHS,* 647 F.2d 218, 222 (1st Cir.1981).

█ In this case, the ALJ found that Jimenez, as of December 31, 2002, her date of last insured, was not under a disability. The ALJ found that Jimenez suffered from several ailments, but none of these impairments or combination of them was medically equal to the Commissioner's Listing of Impairments. The ALJ found that Jimenez has the residual functional capacity to lift and carry up to fifty (50) pounds, stand and walk for up to six (6) hours, engage in simple, routine, and repetitive tasks, maintain attention and concentration for two hour intervals, sustain persistence and pace, and interact with co-workers and supervisors. Thus, he then concluded that Jimenez's impairments did not prevent her from returning to her past relevant work as an assembler/electronic tester. In reaching this conclusion, the ALJ considered all the medical evidence on record. The ALJ did reject the assessment of disability made by Dr. Jose A.

Torres–Flores, because he found that it was not supported by neither clinical findings nor the whole of the medical evidence on the record. Furthermore, the ALJ considered Jimenez's allegations of pain but found them not credible to the degree alleged in light of the medical evidence on the record.

Jimenez argues that the ALJ erred in his assessment of the evidence by improperly considering the medical evidence and applying an erroneous legal standard as to evidentiary weight and credibility. Mainly, she argues that the ALJ's strict application of the Medical Vocational Guidelines rather than their use as mere guidelines as to her limitations was erroneous because he did not take into consideration her non-exertional limitations.

█ The Commissioner can use the Grid to meet her burden if the applicant's limitations are exclusively exertional. *See Seavey v. Barnhart,* 276 F.3d 1, 5 (1st Cir.2001).

> However, if the applicant has nonexertional limitations (such as mental, sensory, or skin impairments, or environmental restrictions such as an inability to tolerate dust) that restrict his ability to perform jobs he would otherwise be capable of performing, then the Grid is only a "framework to guide [the] decision."

*Id.* (citations omitted). Jimenez claims that her pain and mental disorder constitute non-exertional limitations that were not properly considered by the ALJ. The ALJ, however, did state in his decision that he had taken her limitations into consideration but, since he did not find them credible to the degree alleged based on the evidence on record, determined that they were not sufficiently severe as to prevent Jimenez from returning to her past relevant work.

Therefore, because the ALJ did properly consider her non-exertional impairments in reaching his decision, Jimenez's arguments to remand the case lack merit. Because the ALJ's determination is sufficiently supported by the evidence on the record, the Court will accordingly affirm the Commissioner's decision.

### CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Commissioner's decision denying Jimenez disability insurance benefits. Judgment shall enter accordingly.

IT IS SO ORDERED.